IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHARLIE BRANNER, | : | |
| Petitioner, | : | |
| vs. | : | Civil Action File No. |
| | : | **1:08-CV-143 (WLS)** |
| RANDY K. TILLMAN, Warden | : | |
| Respondent. | : | |

**RECOMMENDATION AND ORDER**

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss (doc. 10) and petitioner's motion for an extension of time in which to respond thereto (doc. 20). Inasmuch as petitioner filed his response (doc. 21), his motion is **GRANTED** and the undersigned will consider his response on the merits despite it being filed late.

Petitioner was indicted by the Worth County grand jury on January 28, 2002, for burglary. (HT 53-56). Following a jury trial, Petitioner was convicted of burglary and sentenced to twenty (20) years, to serve twelve (12) years, on June 24, 2002. (HT 57-58). Petitioner's amended motion for new trial was denied on February 23, 2004. (HT 62). The trial court granted Petitioner an extension of time to file a notice of appeal. (HT 246). The Georgia Court of Appeals dismissed Petitioner's direct appeal as untimely on May 17, 2004. (HT 62).

Petitioner filed a motion for an out-of-time appeal on October 1, 2004, asserting that his appeal should not have been dismissed as untimely. (HT 266-267). Petitioner then filed a petition for a writ of habeas corpus in the Superior Court of Coffee County on December 10, 2004, challenging his 2002 Worth County conviction. (Resp. Ex. 1). The state habeas court granted

Petitioner's request for a voluntary dismissal on July 12, 2005. (Resp. Ex. 2).

While the first habeas corpus petition was pending in Coffee County, Petitioner filed a motion to vacate judgment in the trial court on February 10, 2005, which was denied on March 2, 2005. (HT 294, 310). Petitioner then filed two additional motions for an out-of-time appeal on March 17, 2005, and March 30, 2005. (HT 338, 359). The trial court denied the motion on April 15, 2005. (HT 385). Petitioner's application for appeal from the denial of the motion was dismissed as untimely by the Court of Appeals on June 28, 2005. (HT 68).

Petitioner then filed a fourth motion for an out-of-time appeal on August 17, 2005. (HT 419). Petitioner then filed a second petition for a writ of habeas corpus in the Superior Court of Washington County on December 28, 2005. (Resp. Ex. 3). The state habeas corpus granted Petitioner's request for a voluntary dismissal on April 27, 2006. (Resp. Ex. 4).

While the second habeas corpus petition was pending, Petitioner filed a fifth motion for an out-of-time appeal in the trial court on February 24, 2006. (HT 448). The trial court denied the motion on March 16, 2006. (HT 458). Petitioner appealed the denial of the motion to the Georgia Court of Appeals and withdrew the appeal on November 1, 2006. (HT 70).

Petitioner also filed a third petition for a writ of habeas corpus in the Superior Court of Washington County on October 12, 2006; the case was subsequently transferred to the Superior Court of Gwinnett County. (Resp. Ex. 5). Following an evidentiary hearing on April 25, 2007, the state habeas court denied relief in a written order filed September 14, 2007. (Resp. Ex. 6). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal on January 8, 2008. (Resp. Ex. 7).

On September 6, 2008, Petitioner executed this federal petition, challenging his 2002 Worth

County conviction. The petition was filed on September 12, 2008.

Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d) and for failing to state a claim upon which relief can be granted.

Section 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003).

Here, Petitioner's amended motion for new trial was denied in a written order filed February 23, 2004. His conviction was "final" thirty days later when the time for filing a notice of appeal pursuant to O.C.G.A. § 5-6-38 expired. The trial court, however, granted Petitioner an extension of time to file an appeal, which was ultimately dismissed as untimely. Therefore, Petitioner's conviction was final on or prior to May 17, 2004, the date on which the Court of Appeals dismissed the appeal as untimely.

Petitioner had one year from May 17, 2004, in which to seek federal habeas corpus relief or toll the one-year period of limitations by properly filing an application for state postconviction relief or other collateral review. 28 U.S.C. § 2244(d); Coates, 211 F.3d at 1226.

Respondent argues that petitioner's numerous requests for an out-of-time appeal had no tolling effect on the one-year period of limitations.  A request for an out-of-time appeal does not revive the time during which no state collateral petition was pending before the state courts. Moore v. Crosby, 321 F.3d 1377, 1380 (11th Cir. 2003).

However, even giving the petitioner the benefit of tolling all of his filings, he still did not file the instant federal petition within the time period required.  Plaintiff waited 137 days from the date his first direct appeal was dismissed for being untimely to file his first state habeas petition on October 1, 2004.   After Petitioner's first state habeas case ended on July 12, 2005, at which time Petitioner's first three motions for out of time appeal were no longer pending, Petitioner then let another 36 days run before he filed his fourth motion for out of time appeal. Petitioner then let an additional 242 days run after the third state habeas case ended on January 8, 2008, when the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal. Those 242 days plus the 36 days plus the 137 days are in excess of 400 days, which far exceeds the one year time period.

Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO ORDERED AND  RECOMMENDED**, this 7th day of August, 2009.

                                              //S Richard L. Hodge
                                              RICHARD L. HODGE
                                              UNITED STATES MAGISTRATE JUDGE

msd